UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO AJIATAS PUAC A-249-134-788,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY CORRECTIONS CENTER FACILITY, et al.,

Respondents.

No.  1:26-cv-1388-TLN-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Armando Ajiatas Puac filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting as claim one a violation of the Immigration and Nationality Act (INA), and asserting as claim two a violation of Fifth Amendment due process. (ECF No. 1 at 11-12.) For the reasons set forth below, the undersigned recommends the petition be granted, the preliminary injunctive relief ordered by way of temporary restraining order be made permanent with a modification, and the case be closed.

I.      **Factual and Procedural Background**[1]

Petitioner was born in Guatemala and has resided in the United States for the last 22 years. (ECF No. 17 at 2.) Petitioner came to the United States at the age of fifteen, grew up here, and

---

[1] The facts are largely taken from Petitioner's allegations, which Respondents did not dispute in their opposition (ECF No. 19) or in their answer to the petition (ECF No. 25).

1

established a life in the United States. (See id.) He obtained gainful employment and has a family, including a 12-year-old U.S. citizen daughter who relies on him for care. (Id. at 3.)

On July 18, 2024, Petitioner was detained by immigration authorities. (ECF No. 17 at 3.) On August 23, 2024, he was granted bond and released. (Id.) Petitioner asserts he has complied with all the conditions of his release. (Id.)

Removal proceedings are currently pending against Petitioner, who has applied for asylum, cancellation of removal, and adjustment of status. (ECF No. 1 at 11.)

Petitioner has no criminal history in the United States. (ECF No. 1 at 11.) Nevertheless, on January 14, 2026, at a scheduled appointment, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") without notice, an opportunity to be heard, and without being provided a bond hearing. (ECF No. 17 at 3; ECF No. 25-1 at 2.)

On February 13, 2026, Petitioner filed the petition for writ of habeas corpus in the United States District Court for the Central District of California. (ECF No. 1.) On February 17, 2026, the case was transferred to this district court. (ECF No. 7.) On February 18, 2026, the district judge assigned to this case directed Petitioner to file a motion for a temporary restraining order as soon as possible if Petitioner sought emergency relief. (ECF No. 11.) On February 25, 2026, the undersigned ordered pursuant to 28 U.S.C. § 2243 that Respondents file an answer to the petition within 20 days and that Petitioner may reply within 14 days thereafter. (ECF No. 15.)

On March 2, 2026, Petitioner filed a motion for a temporary restraining order. (ECF No. 17.) Respondents opposed the motion and Petitioner replied. (ECF No. 19, 21.) On March 17, 2026, the district judge assigned to this case found Petitioner was likely to succeed on the merits of the claim that Respondents violated the INA, because 8 U.S.C. § 1226(a) likely governed Petitioner's detention and Petitioner was entitled to the process required by that statute which had not been provided. (ECF No. 24 at 4.) The district judge also found Petitioner has a protectable liberty interest, and, upon balancing the relevant factors of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), found Petitioner was likely to succeed on the merits of the procedural due process claim. (Id. at 9-11.)

////

Respondents were ordered to immediately release Petitioner under the same conditions under which he had previously been released and were enjoined and restrained from re-arresting or re-detaining him absent compliance with constitutional protections. (ECF No. 24 at 10-11.) After granting the temporary restraining order, the district judge referred the case back to the undersigned for further proceedings, including resolution of a motion to dismiss filed by Respondents on March 2, 2026. (Id. at 11.)

Respondents filed an answer to the petition. (ECF No. 25.) Petitioner did not file the optional reply, and the petition is fully briefed.

**II.    Motion to Dismiss**

In addition to naming the warden of the Mesa Verde Detention Center in this action, Petitioner also named several other Respondents. (See ECF No. 1.) Respondents' motion to dismiss seeks dismissal of all Respondents except for Petitioner's immediate custodian, i.e. the warden of the detention center. (ECF No. 18.) As Petitioner challenges only his present physical confinement, which is a core habeas challenge, the warden is the only proper respondent. For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent ...." Doe v. Garland, 109 F.4th 1188, 1195 (9th Cir. 2024). Accordingly, the motion to dismiss from this action all Respondents other than Petitioner's immediate custodian should be granted.

**III.    Merits of the Habeas Petition**

Respondents assert Petitioner's INA claim fails because he is subject to mandatory detention under 8 U.S.C. § 1225. (ECF No. 25 at 4-6.) Respondents assert Petitioner's due process claim fails because Petitioner "has only those rights regarding admission that Congress provided by statute." (Id. at 7.) As set forth above, these arguments were rejected by the district judge in ruling on Petitioner's motion for temporary restraining order.

Where the record before this court has not changed since the district judge's ruling on the motion for a temporary restraining order, the undersigned recommends the petition for writ of habeas corpus be granted as to Petitioner's INA claim for the reasons stated by the district judge in granting the temporary restraining order. (ECF No. 24 at 4.) A theory that Petitioner is subject

to mandatory detention under 8 U.S.C. § 1225 does not comport with his prior grant of bond and release from custody until being re-detained on January 14, 2026. See, e.g., Altin v. Chestnut, No. 1:26-CV-00792-DC-CSK (HC), 2026 WL 309563, at *5 (E.D. Cal. Feb. 5, 2026) ("courts, including this court, have generally held that § 1226 rather than § 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States"); Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases holding that noncitizens like Petitioner living in the interior of the country for some time are not subject to mandatory detention under § 1225).

The undersigned also recommends the petition be granted as to Petitioner's procedural due process claim, for the reasons stated by the district judge. (ECF No. 24 at 9-11.) Consistent with the decision in Rebolledo v. Chestnut, No. 1:25-CV-1904 CKD P, 2026 WL 218809, at *4 (E.D. Cal. Jan. 28, 2026), and the recommendation in Esteban-Escalante v. Warden Mesa Verde ICE Process CTR, No. 1:26-CV-0096-DC-CKD P, 2026 WL 323041, at *3 (E.D. Cal. Feb. 6, 2026), report and recommendation adopted, 2026 WL 392393 (E.D. Cal. Feb. 12, 2026), the undersigned finds Petitioner has a liberty interest in freedom from imprisonment, and, where he was not afforded any process before or after being detained, his due process rights were violated.

Accordingly, the undersigned will recommend the Petition be granted and the preliminary injunctive relief ordered as to any re-arrest or re-detention be made permanent with a modification. Specifically, in their opposition to the petition, Respondents request the court to include language to any injunction granted over their objection specifying that they are not enjoined and restrained from detaining Petitioner in the event the immigration court issues a final order of removal and Petitioner receives notice of the order. (ECF No. 25 at 8.) The undersigned will recommend the language be included.

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  The motion to dismiss all Respondents other than Petitioner's immediate custodian (ECF No. 18) be granted.

////

4

2. The petition for writ of habeas corpus be granted as to Petitioner's claim under the INA and as to Petitioner's procedural due process claim.

3. Respondents be ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

4. Any order adopting these findings and recommendations include the following language: Respondents are not enjoined and restrained from detaining Petitioner in the event the immigration court issues a final order of removal and the Petitioner receives notice of said order. In such an event, Respondents may detain Petitioner for the sole and limited purpose of executing removal pursuant to the final order of removal.

5. The Clerk of Court be directed to enter judgment for petitioner ARMANDO AJIATAS PUAC, A-249-134-788 and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 27, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 puac1388.mer

5